IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SYLVIA JONES, INDEPENDENT EXECUTOR OF THE ESTATE OF EMANUEL HOSKINS, DECEASED,<br>      Plaintiff,<br><br>v.<br><br>DAN WILLIAMS, AMY DAMM, ADEYAMI O. FATOKI, and CORRECTIONAL HEALTHCARE COMPANIES, INC.,<br>      Defendants. | Case No. 4:13-CV-04049-JEH |

## Order

Before the Court is the Defendants', Dan Williams, Amy Damm, Adeyami O. Fatoki, and Correctional Healthcare Companies, Inc., Motion to Dismiss Counts III, IV, and V of the Plaintiff Sylvia Jones' Fifth Amended Complaint (Doc. 175), and the Plaintiff's response (Doc. 180) along with the Defendants' reply (Doc. 183). For the reasons set forth below, the Defendants' Motion is GRANTED.

I

On June 7, 2013, Plaintiff Emmanuel Hoskins[1] filed his *pro se* Complaint, bringing claims under 42 U.S.C. § 1983 that arose from his medical treatment in Henry County Jail. Specifically, Plaintiff alleges that while awaiting trial on federal charges in Henry County Jail, he sought medical care for various complaints,

---

[1] Plaintiff Emanuel Hoskins passed away on February 8, 2016. Plaintiff Sylvia Jones is the Executor of Plaintiff's estate, and was added to the docket on May 13, 2016.

including back pain, chest pain, and stomach pain. The Defendants' actions related to his requests for medical care form the basis of his Complaint. Plaintiff was eventually diagnosed with prostate cancer and passed away on February 8, 2016.

After *pro bono* counsel was appointed by the Court (Doc. 31), counsel filed a Third Amended Complaint on July 16, 2015, alleging six counts: 1) deliberate indifference to a serious medical condition; 2) failure to intervene; 3) a § 1983 conspiracy claim; 4) an official capacity claim against Henry County and Correctional Healthcare Companies, Inc.; 5) a state law indemnification claim; and 6) a state law medical malpractice claim against Doctors Fatoki and Williams. Defendants included employees of Henry County Jail ("jail defendants"), and employees of Correctional, Healthcare Companies, Inc. ("medical defendants"). The jail defendants moved for summary judgment for all related counts (Doc. 120), which the District Court granted (Doc. 133), leaving the medical defendants in the case.

On July 21, 2016, Plaintiff filed a Fifth Amended Complaint[2] (Doc. 174), alleging several counts, including: COUNT III: conspiracy to violate constitutional rights against all individual defendants; COUNT IV: *Monell* Policy of Deprivation against Defendants Correctional Healthcare Companies, Inc., Correct Care Solutions, LLC, and Henry County; COUNT V: state law indemnification. These counts of the Fifth Amended Complaint are identical to those same counts alleged in the Third Amended Complaint considered by the Court on summary judgment. Defendants filed a Motion to Dismiss Counts III, IV, and V of the Fifth Amended Complaint on July 25, 2016 (Doc 175).

---

[2] Plaintiff previously filed a Fourth Amended Complaint (Doc. 140) which included the Jail Defendants.

## II

The Court may grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court reviews all facts in the light most favorable to the non-moving party. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). When considering whether to dismiss a complaint for failure to state a claim, well-pleaded facts are taken as true, but legal conclusions and conclusory allegations only reciting the elements of a claim are not entitled to be presumed true. *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); see also *Jackson v. E.J. Brach Corp*, 176 F.3d 971 (7th Cir. 1999) ("[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)"). While there is no specific degree of specificity, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

### A

The Defendants argue that Count III should be dismissed because the remaining defendants are members of the same corporate entity, and a corporation cannot conspire with itself under the intracorporate conspiracy doctrine. Defendants also argue that under the "law of the case" doctrine, the Court has already granted summary judgment on Count III.

The Plaintiff responds that Defendants' Motion is untimely because they failed to raise this defense when they answered Count III of Plaintiff's Third Amended Complaint. (Doc. 180, p.4). Plaintiff also argues that in the Seventh

Circuit, the doctrine of intracorporate conspiracy generally does not apply to 42 U.S.C. § 1983 cases.

**1**

As an initial matter, the Defendants' Motion to dismiss is not untimely. The intracorporate conspiracy doctrine issue did not arise until the jail defendants were dismissed by the Court. The first opportunity for the Defendants to move to dismiss arose after the Plaintiff brought his Fifth Amended Complaint, alleging conspiracy between the current Defendants only.

Neither does the "law of the case" doctrine require dismissal. The doctrine does not apply here because the Court specifically applied summary judgment to the jail defendants and not the medical defendants. (Doc. 133, p. 33, 37).

The law of the case doctrine posits that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pepper v. United States*, 562 U.S. 476, 506 (2011), quoting *Arizona v. California*, 460 U.S. 605, 618 (1983). When the Court made its determination in the Summary Judgment to dismiss the jail defendants on Count III, the Court found that the Plaintiff's circumstantial evidence was insufficient to meet his burden. (Doc. 133, p. 33). In the Summary Judgment Order (Doc. 133), after the Court granted summary judgment for the jail defendants, the Court determined that Defendants Fatoki and Damm[3] remained:

> Based on the Plaintiff's allegations, his only surviving conspiracy claim is alleged against Dr. Fatoki and Nurse Damm based on directing the notations of Plaintiff' movements. The medical defendants have not filed a motion for summary judgment.

---

[3] The Court made no mention of Defendant Dr. Williams in the Summary Judgment analysis for Count III, though he is one of the "medical defendants" (Doc. 133, p. 29-33). The Court ultimately concluded that he remained in the case for Count III (Doc. 133, p. 37).

(Doc 133, p. 33). Accordingly, the Court will discuss the arguments presented in the Motion and the responses.

## 2

The Defendants argue that the intracorporate conspiracy doctrine bars the Plaintiff's claim because a conspiracy cannot exist solely between members of the same entity. (Doc. 180, p. 2).[4] In her Response, Plaintiff argues that intracorporate conspiracy does not apply to § 1983 cases within the Seventh Circuit. (Doc. 180, p. 5). Instead, Plaintiff posits that these Defendants conspired with one another and violated Plaintiff's rights through deliberate indifference to his medical needs. (Doc. 180, p. 4-7).

Under the intracorporate conspiracy doctrine, a conspiracy cannot exist solely between members of the same entity. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). The intracorporate conspiracy doctrine prevents employees who jointly pursue the lawful business of a corporation to become "conspirators" when acting within the scope of their official duties. *Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 994 (N.D. Ill. 1998). Further, "[a]pplication of the doctrine does not depend on whether the conspirators' actions were wrongful, but whether the wrongful conduct was performed within the scope of the conspirators' official duties." *Id.*

Within the Seventh Circuit, courts have applied the intracorporate conspiracy doctrine in § 1983 cases. See *Scott v. City of Chicago*, 619 F. App'x 548

---

[4] Defendants also contend that Count I alleging deliberate indifference and Count III alleging conspiracy, based upon a conspiracy to violate the plaintiff's constitutional rights by being deliberately indifferent to his serious medical needs, are duplicative. (Doc. 183, p. 6). Defendants fail to cite any authority or sufficiently develop this argument to merit the Court's consideration. The Court notes that the elements of a § 1983 and § 1985 claim are entirely different and not duplicative. See *Lenard v. Argento*, 699 F.2d 874 (7th Cir. 1983).

(7th Cir. 2015); *Ghiles v. City of Chicago Heights*, 2016 WL 561897 (N.D. Ill. Feb. 12, 2016); *Mnyofu v. Bd. Of Educ. Of Rich. Twp. High School Dist.*, 227, 832 F. Supp. 2d 940, 948 (N.D. Ill. 2011); and *Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 994 (N.D. Ill. 1998). Plaintiffs alleging a civil conspiracy under § 1983 "must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). Because "conspiracy is not an independent basis of liability in § 1983 actions," there must be an underlying constitutional claim. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008).

    The intracorporate conspiracy doctrine is properly applied here. In the present motion, all Defendants are employees of the same entity, Correctional Healthcare Companies, Inc., and were acting within the scope of their duties and medical care providers. See *Tabor*, 10 F. Supp. 2d 994. Therefore, there could be no conspiracy.

    Plaintiff makes the argument that the personal bias exception to the intracorporate conspiracy doctrine applies here. (Doc. 180, p. 7; citing *Hartman v. Bd. Of Trs. of Cmty. Coll. Dist. No. 508*, 4 F.3d 465, 470 (7th Cir. 1993)). Nothing in the Fifth Amended Complaint alleges that the medical defendants were motivated by personal bias. In fact, the Plaintiff alleges in her Fifth Amended Complaint that Defendants were acting "within the scope of [their] employment with CHC for Defendant County." (Doc. 174, p. 16). This allegation alone takes it out of the exception to the intracorporate conspiracy doctrine.

    Because Defendants could not conspire with themselves, as employees of the same entity, Defendants' Motion to Dismiss Count III is GRANTED.

### B

    Defendants also argue that Count IV should be dismissed because Plaintiff has waived the claim in the parties' proposed pre-trial order. Plaintiff agrees in the

filed Response (Doc. 180, p. 9) that Count IV should be dismissed as to Defendants Dan Williams, Amy Damm, and Adeyami O. Fatoki. Upon reviewing the joint Proposed Pretrial Order ("Pre-Trial Order"), the Court also notes that Plaintiff waived claims stated in Count IV against Correctional Healthcare, Inc. and Correct Care Solutions as successor to Correctional Healthcare, Inc.. (Doc. 157, p. 4). Therefore Count IV as to Defendants Dan Williams, Amy Damm, Adeyami O. Fatoki, and Correctional Healthcare Companies, Inc. is GRANTED.

### C

Finally, Defendants argue that Count V should be dismissed because it is a state law claim against Henry County, and Henry County is no longer a party to this action. In Defendants' Memorandum of Law in Support of Defendants' Motion (Doc. 176), Defendants contend that under the law of the case, this Court has already granted summary judgment in favor of Henry County and the jail defendants. (Doc. 133, p. 37). None of the remaining Defendants are a public entity or public employee. (Doc 176, p. 4). Therefore, Defendants argue that Count V against Henry County should be dismissed.

The Plaintiff responds that Defendants lack third party standing and therefore cannot seek dismissal on this claim. (Doc. 180, p. 9).

This Court has previously dismissed Plaintiff's state law indemnification claim concerning Henry County employees as moot. (Doc. 133). Under the law of the case, this Court is obliged to abide by prior rulings, and cannot allow a dismissed count to remain in the case to preserve the "appeal rights of Plaintiff as to the dismissed Jail Defendants." (Doc. 180, p. 9). Therefore, the Court GRANTS the dismissal as to Count V.

### III

For the reasons set forth above, Defendants' Motion (Doc. 175) to Dismiss Counts III, IV, and V as to Defendants Dan Williams, Amy Damm, Adeyami O. Fatoki, and Correctional Healthcare Companies, Inc. is GRANTED.

*It is so ordered.*

Entered on August 31, 2016

s/ Jonathan E. Hawley
U.S. MAGISTRATE JUDGE